IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-02107-PAB

JOSEPH STEPHEN,

    Plaintiff,

v.

RONEL DAVID PUCHOC RAMIREZ,
DESEV TRANSPORTATION, LLC, d/b/a Desev Logistics and Texas Transport,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff Joseph Stephen's Motion for Remand [Docket No. 11]. Defendants filed a response, Docket No. 20, and plaintiff filed a reply. Docket No. 21.

### I.   BACKGROUND

On May 27, 2025, plaintiff filed suit against defendants in the District Court for Elbert County, Colorado. Docket No. 4. Plaintiff asserts claims for negligence and negligence per se in connection to a November 23, 2022 incident when plaintiff, an officer with Elbert County Sheriff's Office, was performing a traffic stop along Interstate 70 in Limon, Colorado. *Id.* at 2, ¶¶ 6-7. Plaintiff alleges that defendant Ramirez, while driving a commercial vehicle operated by defendant Desev Transportation, LLC ("Desev"), "veered towards the shoulder of Interstate 70 where Plaintiff had previously stopped a red SUV" and "nearly struck Plaintiff with his tractor trailer." *Id.* at 3, ¶¶ 23,

26. Desev was served on June 9, 2025. Docket No. 14-4 at 1. Mr. Ramirez was served on July 1, 2025. Docket No. 14-5 at 2.

On July 8, 2025, Desev removed this case. Docket No. 1. The notice of removal did not mention whether Mr. Ramirez consented to removal. *See id.* On July 9, 2025, plaintiff filed the instant motion to remand, arguing that removal was procedurally defective because there was no indication in the notice of removal whether Mr. Ramirez consented to removal. Docket No. 11 at 3. On July 11, 2025, defendants filed an amended notice of removal that indicated Desev and Mr. Ramirez consent to removal. *See* Docket No. 14 at 2, ¶ 6. This case was reassigned to the undersigned on August 11, 2025. Docket No. 24.

## II. LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Pursuant to § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Federal district courts must strictly construe their removal jurisdiction." *Env't. Remediation Holding Corp. v. Talisman Cap. Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). When an action is removed pursuant

2

to § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### III.   ANALYSIS

Plaintiff moves to remand this case to Elbert District Court because Desev failed to indicate in its original notice of removal whether Mr. Ramirez consented to removal pursuant to § 1446(b)(2)(A), making removal procedurally defective. Docket No. 11 at 3. Defendants respond that "whether consent filed after the thirty-day timeline to file a notice of removal constitutes timely consent is unresolved by the courts in this district, and undecided by the 10th Circuit." Docket No. 20 at 4. Defendants argue that they did not unreasonably delay in obtaining Mr. Ramirez's consent because, while Mr. Ramirez was served on July 1, 2025, plaintiff did not file the affidavit of service for Mr. Ramirez until July 9, 2025, which was the day after Desev filed its notice of removal and was the deadline for Desev to remove this case. *Id.* at 6.

"The Tenth Circuit has not addressed the issue of whether a consent filed after the thirty days to file a notice of removal constitutes a timely consent to removal." *See Tate v. SNH CO Tenant LLC,* No. 22-cv-00827-MEH, 2022 WL 3091375, at *3 (D. Colo. July 15, 2022). However, other courts in this District have permitted defendants to file notices of consent after the thirty-day removal deadline in light of § 1446(b)(2)(A)'s silence on a deadline by which consent must be obtained. In *Tate*, the court found that, while the defendants did not obtain all the defendants' consent before filing their notice of removal, defendants cured this procedural defect by filing the necessary notice of consent before plaintiffs filed their motion to remand. *Id.* at *4. Likewise this Court, in *Sage Commc'ns Corp. of Colo., LLC v. Colony Ins. Co.*, No. 19-cv-03155-PAB-NRN,

3

2020 WL 1061001, at *2 (D. Colo. Mar. 5, 2020), found that consent was timely where the defendant filed the notice of consent the day before the plaintiff filed its motion to remand.

The Court notes, however, unlike in *Tate* and *Sage*, defendants did not file Mr. Ramirez's notice of consent until after plaintiff filed his motion to remand.  *See* Docket Nos. 11, 14; *see also Tate*,  2022 WL 3091375, at *4 & n.4 (declining to "opine on whether the consent to removal must be filed prior to a motion to remand" because "the removal statute is silent" and finding that this "question is appropriately answered in a case in which the consent form is filed after the motion to remand is filed"). Nevertheless, *Tate* and *Sage* suggest that consent may be timely so long as it is filed before the motion to remand deadline.  *See Tate,* 2022 WL 3091375, at *3 ("Looking at cases arising from the district courts in the Tenth Circuit, there are some District of New Mexico cases finding that a party must indicate consent to removal within the thirty-day deadline."); *Sage*, 2020 WL 1061001, at *2 ("Although there is no explicit statutory deadline to consent to removal, there is at least one practical deadline.  A motion to remand must be made within thirty days of the notice of removal."); *see also Centura Health Corp. v. Agnew,* No. 18-cv-00569-RBJ, 2018 WL 3454976, at *5 (D. Colo. July 18, 2018) ("though there might not be a definitive statutory deadline within which defendants must obtain unanimous consent to remove a case, the de facto deadline must be sometime before the end of the thirty day period in which plaintiffs may seek to remand the case").

The Court finds that the animating concerns underlying notices of consent that are filed after a plaintiff moves to remand are not present here, namely, the concern that

4

plaintiff "ha[s] been forced to expend time and resources filing a motion that can be rendered immediately moot by a late-in-the process consent to removal." *See Sage*, 2020 WL 1061001, at *2. Here, Desev removed this case on July 8, 2025 and, one day later, plaintiff filed his motion to remand. Docket Nos. 1, 11. Desev filed an amended notice of removal, that indicated Mr. Ramirez consented to removal, *see* Docket No. 14, only two days after July 9, 2025, which was the removal deadline, *see* 28 U.S.C. § 1446(b)(1), the day on which plaintiff filed his motion to remand, *see* Docket No. 11, and the day on which plaintiff filed the affidavit of service for Mr. Ramirez.[1] *See* Docket No. 11-1 . Furthermore, Desev filed the amended notice of removal merely three days into the thirty-day timeframe plaintiff had to file a motion to remand. See 28 U.S.C. § 1447(c). *Centura* noted that, in some instances, there may be some "flexibility in the time period within which defendants may consent to the removal of the case to federal court," even if, in the case before it, defendant had "far exceed[ed] any such reasonable time period" by filing a consent "nearly two months after the initial notice of removal was filed" and "three weeks after the motion to remand was filed." *See Centura*, 2018 WL 3454976, at *4 (citing *Glover v. W.R. Grace & Co., Inc.*, 773 F. Supp. 964, 965 (E.D. Tex. 1991) (noting that the "thirty day time limit for removal . . . is a formal requirement that may be waived [and] is not a jurisdictional barrier" and a "court is only *required* to remand if it lacks subject matter jurisdiction" in denying plaintiff's motion for remand where defendant's consent was filed "merely four (4) days" after the initial notice of removal was filed)). Therefore, the Court does not find that Mr. Ramirez's consent

---

[1] However, Desev was not excused from obtaining Mr. Ramirez's consent based on it purportedly not knowing that Mr. Ramirez had been served until July 9, 2025. *See Tate,* 2022 WL 3091375, at *3.

5

constitutes a "late-in-the process consent to removal" that forced plaintiff to expend undue time and resources and that mandates remand. See Sage, 2020 WL 1061001, at *2.

Accordingly, the Court will deny plaintiff's motion to remand.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff Joseph Stephen's Motion for Remand [Docket No. 11] is **DENIED.**

DATED September 23, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

6