IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02107-PAB-NRN

JOSEPH STEPHEN,

Plaintiff,

v.

RONEL DAVID PUCHOC RAMIREZ, and
DESEV TRANSPORTATION, LLC, d/b/a Desev Logistics and Texas Transport,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment on Liability [Docket No. 47]. Defendants filed a response. Docket No. 58. Plaintiff filed a reply. Docket No. 62. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. UNDISPUTED FACTS[1]

On November 23, 2022, at approximately 2:12 p.m., plaintiff Sheriff's Deputy Joseph Stephen was on duty with the Elbert County Sheriff's Department. Docket No. 47 at 2, ¶ 1. Plaintiff was conducting a traffic stop on eastbound Interstate 70. *Id.* At the same time, defendant Ronel David Puchoc Ramirez was operating a white tractor-trailer traveling eastbound on the same highway. *Id.*, ¶ 3. The vehicle that plaintiff stopped was on the shoulder of the highway. Plaintiff was standing outside of his patrol

[1] The following facts are undisputed unless otherwise noted.

car at the driver's window.[2] Mr. Ramirez was acting in the course and scope of his employment with defendant Desev Transportation, LLC ("Desev"). *Id.*, ¶ 4. Mr. Ramirez had a clear, unobstructed view of plaintiff's patrol vehicle. *Id.*, ¶ 5.[3] As Mr. Ramirez passed plaintiff, Mr. Ramirez did not slow down or change lanes to provide a buffer between his truck and plaintiff. *Id.*, ¶ 6.[4] Mr. Ramirez was later cited for Failure to Yield to an Emergency Vehicle in violation of Colo. Rev. Stat. § 42-4-705. *Id.* at 3, ¶ 8.

No mechanical defect or sudden emergency prevented Mr. Ramirez from slowing or changing lanes. *Id.*, ¶ 10. Desev owned the tractor-trailer operated by Mr. Ramirez. *Id.*, ¶ 11. Desev required its drivers, including Mr. Ramirez, to follow traffic laws while operating company vehicles. *Id.*, ¶ 12. On the date of the incident, Colorado law required drivers to slow down and move over when approaching an emergency vehicle stopped on the roadside with lights activated. *Id.*, ¶ 13. Mr. Ramirez understood Colorado traffic laws and safety obligations at the time of the incident. *Id.*, ¶ 15.

---

[2] Although the parties do not list the facts in these two sentences as undisputed, they are evident from Mr. Ramirez's dash cam video, *see* Exhibit 2 to Docket No. 47; Docket No. 48, and the parties assume they are true.

[3] Defendants deny this assertion, citing evidence that disputes plaintiff activated the emergency lights on his patrol vehicle. *See* Docket No. 58 at 2, ¶ 5. However, defendants do not cite evidence that disputes Mr. Ramirez had a clear and unobstructed view of the patrol vehicle. Mr. Ramirez also admits that he observed plaintiff's patrol vehicle prior to passing it. *See* Docket No. 47 at 3, ¶ 9; Docket No. 58 at 3, ¶ 9. Accordingly, the Court will deem this fact admitted.

[4] Defendants deny this assertion, citing Mr. Ramirez's deposition testimony stating that he was unable to move his vehicle over because there were cars in the other lane. Docket No. 58 at 2, ¶ 6 (citing Docket No. 58-2 at 2, 62:20-23). This does not dispute plaintiff's assertion that Mr. Ramirez did not slow down or change lanes as he passed plaintiff. Accordingly, the Court will deem this fact admitted.

Employees for Desev, such as Mr. Ramirez, were expected to comply with Colorado's Move Over Law, Colo. Rev. Stat. § 42-4-705. *Id.*, ¶ 16.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim. *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011).

"Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of

each element essential to the case." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id*.

## III. ANALYSIS

Plaintiff brings the following claims: (1) negligence against Mr. Ramirez; (2) negligence per se against Mr. Ramirez; (3) negligence under a theory of respondeat superior/vicarious liability against Desev; (4) negligence per se under a theory respondeat superior/vicarious lability against Desev; and (5) negligent hiring, training, supervision, and entrustment against Desev. Docket No. 57 at 6-10. Plaintiff argues that, "[b]ecause the undisputed record demonstrates negligence, negligence per se, absence of comparative negligent, and vicarious liability, liability should be resolved as a matter of law." Docket No. 47 at 2.

### A. Negligence

To bring a negligence claim under Colorado law, a plaintiff must show 1) the existence of a legal duty to the plaintiff, 2) defendant breached that duty, 3) the plaintiff was injured, and 4) the defendant's breach of duty caused the injury. *Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011, 1015 (Colo. 2006).

Defendants only response to plaintiff's summary judgment motion as to the negligence claim is that, while plaintiff moves for summary judgment on the elements of duty of care and breach of the duty of care, plaintiff offers no evidence in support of two other elements of negligence, namely, whether plaintiff had damages and whether defendants caused those damages. Docket No. 58 at 6. Given that fact, defendants ask the Court to deny plaintiff's motion on this claim and on his claim for negligence per

se. However, Fed. R. Civ. P. 56(a) states that a "party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Plaintiff asks that the Court "reserve the issue of damages for the determination of the jury." Docket No. 47 at 11. Thus, the Court interprets plaintiff's motion for partial summary judgment as only seeking summary judgment on the issues, not the claims, that plaintiff identifies.

Because defendants do not defend against entry of summary judgment on liability regarding plaintiff's negligence claim, the Court will grant summary judgment to plaintiff on the elements of duty of care and breach of the duty of care. Plaintiff must still prove the other elements of the claim and defend against defendants' affirmative defense of comparative negligence.

**B. <u>Negligence Per Se</u>**

Plaintiff bases his negligence per se claim on Mr. Ramirez's violation of Colo. Rev. Stat. § 42-4-705. *See* Docket No. 47 at 6-8. Section 42-4-705 requires that a driver exhibit due care and caution when approaching or passing a "stationary authorized emergency vehicle . . . that is giving a visual signal by means of flashing, rotating, or oscillating red, blue, or white lights as permitted by section 42-4-213 or 42-4-222." Colo. Rev. Stat. § 42-4-705(2)(a)(I). As relevant here, § 42-4-213 defines a visual signal as:

> at least one signal lamp mounted as high as practicable, which shall be capable of displaying a flashing, oscillating, or rotating red light to the front and to the rear having sufficient intensity to be visible at five hundred feet in normal sunlight. In addition to the required red light, flashing, oscillating, or rotating signal lights may be used which emit blue, white, or blue in combination with white.

Colo. Rev. Stat. § 42-4-213(2). Section 42-4-213 further provides that "[t]he use of either the audible or the visual signal equipment described in this section shall impose upon drivers of other vehicles the obligation to yield right-of-way and stop as prescribed in section 42-4-705." *Id.,* § 42-4-213(5).

Plaintiff argues that it is undisputed Mr. Ramirez had a "clear and unobstructed view of Plaintiff's patrol vehicle that had its emergency lights activated." Docket No. 47 at 5. Plaintiff claims that the dashboard camera footage from Mr. Ramirez's vehicle shows "oscillating emergency lights." *Id.* Mr. Ramirez responds that it is disputed whether plaintiff's patrol vehicle was displaying visual signals that triggered Mr. Ramirez's obligation to comply with Colorado's Move Over Law. *Id.*

On summary judgment, when a court has "video evidence of the incident in question," the court "will accept the version of the facts portrayed in the video, but only to the extent that it blatantly contradicts the [non-moving party's] version of events." *See Emmett v. Armstrong*, 973 F.3d 1127, 1131 (10th Cir. 2020) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)) (internal quotations and alteration omitted). This means that the court must accept as true the non-moving party's "version of the story to the extent that it is not so utterly discredited by the record that no reasonable jury could have believed him." *See id.* (internal quotation and citation omitted). If the video footage "arguably could support" either party's version of events, the court must "view the video in the light most favorable" to the non-moving party. *See id.* at 1135.

Here, Mr. Ramirez's dash camera footage does not blatantly contradict defendants' assertion that plaintiff's patrol vehicle did not have its emergency lights activated as defined by § 42-4-213(2). The only lights seen in the footage are flickering

white lights and a yellow bar light that is visible approximately three seconds before Mr. Ramirez passed plaintiff. *See* Exhibit 2 to Docket No. 47, Docket No. 48 at 00:05-08. The lights are located on the back of the patrol vehicle, and arguably "not mounted as high as practicable." *See* § 42-4-213(2). Furthermore, viewing the footage in the light most favorable to defendants, it is disputed whether these lights were of sufficient intensity to be visible 500 feet away in normal sunlight. *Id.* Defendants have adduced further evidence, including Mr. Ramirez's and plaintiff's deposition testimony, that disputes whether the patrol vehicle had its emergency lights activated and visible in accordance with § 42-4-213(2). *See* Docket No. 58 at 2, ¶¶ 2, 5.

Furthermore, plaintiff's reliance on the testimony of Desev's owner Diego Maldonado is insufficient to establish that the emergency lights were on. *See* Docket No. 47 at 5. In his deposition, plaintiff's counsel asked Mr. Maldonado to watch Mr. Ramirez's dash camera footage on a computer screen. Mr. Maldonado then comments that the emergency lights were on. *See* Docket No. 47-4 at 51, 50:5-12. However, Mr. Maldonado's answer is not based on any personal knowledge as required by Fed. R. Evid. 602. Rather, he was simply watching the dash cam video on a computer screen. Thus, his comments are not admissible evidence since Mr. Maldonado lacks first-hand knowledge of the incident. Moreover, there is no indication that Mr. Maldonado was testifying as a Rule 30(b)(6) witness on behalf of Desev and had conducted an investigation in order to answer that question on behalf of Desev. *See Raytheon Aircraft Co. v. United States*, 2007 WL 2668725, at *7 (D. Kan. Sept. 6, 2007) ("a Rule 30(b)(6) designee is not limited to her own recollection and knowledge, but is instead subject to the collective knowledge of the entity").

Because the Court finds it is disputed whether plaintiff had his emergency lights activated as required by §§ 42-4-705 and 42-4-213, it is also disputed whether plaintiff violated § 42-4-705. Accordingly, the Court will deny summary judgment for plaintiff on the duty elements of his negligence per se claim.

**C. Comparative Negligence**

"Comparative negligence means a failure to do an act that a reasonably careful person would do, or the doing of an act that a reasonably careful person would not do, under the same or similar circumstances, to protect oneself from bodily injury." *Reid v. Berkowitz*, 315 P.3d 185, 195 (Colo. App. 2013) (citation omitted). "Colorado's comparative negligence statute states that 'any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made,' so long as 'such negligence was not as great as the negligence of the person against whom recovery is sought.'" *Getzel v. ATS Specialized, Inc.*, No. 21-cv-02836-DDD-NRN, 2024 WL 446038, at *2 (D. Colo. Jan. 19, 2024) (quoting Colo. Rev. Stat. § 13-21-111(1)). When a comparative negligence defense is raised, "[t]he relative degrees of fault are to be determined by a trier of fact except in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference." *Gordon v. Benson*, 925 P.2d 775, 777 (Colo. 1996).

Defendants' response lists facts that defendants claim are disputed. *See* Docket No. 58 at 4, ¶¶ 19-30. In reply, plaintiff does not deny that defendants' asserted facts are disputed. *See generally* Docket No. 62. Many of these facts create a genuine issue of material fact regarding whether plaintiff was negligent. Docket No. 58 at 4-5, ¶¶ 25-

30. Accordingly, the Court will deny summary judgment for plaintiff on defendants' comparative negligence defense.

### D. Vicarious Liability

"The usual test for vicarious liability turns on whether an employee acted within the scope of the employment. That is, an employer is vicariously liable for employee acts within the scope of employment but not for acts outside of it." *Trujillo v. Amity Plaza*, LLC, 182 F.4th 1266, 1271 (10th Cir. 2026). There is no dispute that, at the time of the incident, Mr. Ramirez was acting within the scope of his employment for Desev. Docket No. 47 at 2, ¶ 4. Moreover, the Court has granted summary judgment to plaintiff as to the duty elements on plaintiff's negligence claim. Accordingly, the Court will enter summary judgment to the extent that, if Mr. Ramirez is found to be negligent, Desev is vicariously liable.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment on Liability [Docket No. 47] is **GRANTED in part and DENIED in part**.

DATED September 15, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge